# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Cybil Fisher, | Misc. No. 13-0051 (PJS/JJG) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| United States of America, Internal Revenue Service, and Jeffrey Hencke, | |
| Defendants. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter came before the Court on September 24, 2013, for a hearing on Respondent United States of America's Motion to Dismiss Petition to Quash IRS Summons (ECF No. 4). The motion was referred to this Court by the Honorable Patrick J. Schiltz, United States District Judge, in an Order of Reference dated August 8, 2013 (ECF No. 3). For the reasons set forth below, the Court recommends the motion be granted and the petition be dismissed.

## I.    Background

Petitioner Cybil Fisher ("Fisher") filed a Petition to Quash IRS Third Party Summons (ECF No. 1) on July 11, 2013, thereby commencing this action. The petition names as Respondents the United States of America ("United States"), the Internal Revenue Service ("IRS"), and IRS Special Agent Jeffrey Hencke ("Agent Hencke"). Fisher filed the petition pursuant to 26 U.S.C. § 7609 and 5 U.S.C. § 552(a).

The IRS summons in dispute was issued by Agent Hencke as part of an investigation of Fisher's federal income tax returns and tax liabilities for the years 2007 through 2012. (Hencke Decl. ¶ 3, Aug. 9, 2013, ECF No. 6.) On June 18, 2013, Agent Hencke issued an administrative

summons to U.S. Bank, as the custodian of Fisher's financial records, directing U.S. Bank to produce the records by July 16, 2013. (Hencke Decl. ¶ 6 & Ex. A.) Agent Hencke sent notice of the summons to Fisher by certified mail on June 18, 2013. (Hencke Decl. ¶ 7 & Ex. A.) Fisher mailed a copy of the petition to quash the summons to the IRS on July 9, 2013. (Hencke Decl. ¶ 10.) The IRS received the petition on July 10, 2013. (*Id.*)

This Court issued an Order to Show Cause on July 19, 2013, directing Respondents to answer the petition (ECF No. 2). The United States timely filed a motion to dismiss, arguing that this Court lacks subject matter jurisdiction because Fisher did not timely file her petition or send a copy of the petition to the IRS or U.S. Bank. Alternatively, the United States moved to dismiss the IRS and Special Agent Hencke as Respondents or to dismiss for insufficient service of process.

Although Fisher filed a memorandum in opposition to the motion to dismiss, she did not appear at the September 24 hearing. The Court therefore took the motion under advisement without oral argument. Three days after the hearing, on September 27, 2013, Fisher filed a Motion to Stay Proceedings Pending Transfer or Consolidation by the Judicial Panel on Multidistrict Litigation (ECF No. 16). Fisher submitted that this case should be stayed pending a decision on her motion to transfer this action to the Eastern District of Wisconsin, which she filed on August 26, 2013, with the Judicial Panel on Multidistrict Litigation. The United States filed a written response to the motion to stay, arguing that the petition remained time-barred and that transfer of a petition to quash an IRS summons is not appropriate. The Court takes the motion to stay under advisement without a hearing.

## II. The United States' Motion to Dismiss

The United States asserts this Court lacks subject matter jurisdiction over the petition

because it was filed outside the statutory limitations period. A proceeding to quash an IRS summons must be commenced "not later than the 20th day after the day" the IRS gives notice of the summons to the taxpayer. 26 U.S.C. § 7609(b)(2)(A). The statutory allowance for the proceeding is a limited waiver of the United States' sovereign immunity. *See Stringer v. United States*, 776 F.2d 274, 275 (11th Cir. 1985). Given that the twenty-day limitations period "is a condition precedent to the waiver of sovereign immunity," it must be construed strictly. *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985); *see Soriano v. United States*, 352 U.S. 270, 276 (1957) (stating the "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied.").

Sovereign immunity and its waiver are jurisdictional in nature. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Shisler v. United States*, 199 F.3d 848, 852 (6th Cir. 1999) (applying the precept to § 7609(b)(2)(A)). Because the twenty-day period in § 7609(b)(2)(A) is jurisdictional, Federal Rule of Civil Procedure 6(d) does not apply to extend it an extra three days for mailing. *Berman v. United States*, 264 F.3d 16, 19 (1st Cir. 2001) (citation omitted); *Shisler*, 199 F.3d at 852; *Bandy v. United States*, Civ. No. 07-1386-MLB, 2008 WL 1867991, at *7 (D. Kan. Apr. 24, 2008). Rule 6(d) "applies only to pleadings or papers made under the Federal Rules of Civil Procedure, not to statutorily required timelines." *Bandy*, 2008 WL 1867991, at *7.

Notice to the taxpayer is measured from the day it is mailed, not the day it is received. *Berman*, 264 F.3d at 19; *Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990); *Stringer*, 776 F.2d at 275. Thus, a petition to quash an IRS summons must be filed within twenty days of the day it was mailed. *Berman*, 264 F.3d at 19 (citation omitted).

Here, the IRS mailed notice of the summons to Fisher on June 18, 2013, which triggered the twenty-day statutory period to run. The time in which to file a petition to quash the summons

expired twenty days later on July 8, 2013. Fisher did not file the instant petition until July 11, 2013, however. Fisher has presented no grounds for equitable tolling of the limitations period, and Rule 6(d) does not afford her three additional days for mailing. Accordingly, the Court lacks subject matter jurisdiction over the petition, and it should be dismissed.

Notably, this is not the first time a court in this District has dismissed a petition to quash an IRS summons filed by Fisher for this reason. In *Fisher v. United States of America*, the Honorable David S. Doty dismissed Fisher's petition to quash an IRS summons served on U.S. Bank because the petition was filed outside the twenty-day period. Misc. No. 12-0018 (DSD/JJK), 2012 WL 2914988, at *1 (D. Minn. July 17, 2012) ("*Fisher I*").

As an alternative basis for dismissal, Fisher also failed to comply with § 7609(b)(2)(B). Under this section, Fisher was required to send a copy of the petition to quash by registered or certified mail to U.S. Bank and to the issuing IRS agent within twenty days of the IRS' notice. *See* 26 U.S.C. § 7609(b)(2)(B). Here, the IRS sent notice of the summons on June 18, 2013. Fisher mailed a copy of the petition to U.S. Bank and the IRS on July 9, 2013, one day late. Although Fisher missed the twenty-day window by only one day, this statutory period must also be strictly construed. *See Navarro v. Internal Revenue Serv.*, 378 F. App'x 101, 102 (2d Cir. 2010); *Dorsey v. United States*, 618 F. Supp. 471, 474 (D. Md. 1985).

Because the Court concludes subject matter jurisdiction is lacking on two grounds, the Court does not reach the United States' other arguments for dismissal.

### III. Fisher's Motion to Stay

Fisher asks to stay this case pending a decision on her motion to transfer this action to the Eastern District of Wisconsin. The Court recommends the motion be denied. A potential "transferor court need not automatically postpone rulings on pending motions, or in any way

generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed." *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1188-89 (N.D. Cal. 1997) (citations omitted). This is especially true when a pending motion relates to a court's subject matter jurisdiction. *T.F. ex rel. Foster v. Pfizer, Inc.*, No. 4:12CV1221 CDP, 2012 WL 3000229, at *1 (E.D. Mo. July 23, 2012); *Minn. v. Pharmacia Corp.*, No. 05-1394 (PAM/JSM), 2005 WL 2739297, at *2 (D. Minn. Oct. 24, 2005). Here, under the particular circumstances of this case, and where the pending motion concerns the Court's subject matter jurisdiction, the Court finds that the interests of justice and judicial economy will not be served by a stay.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Respondent United States of America's Motion to Dismiss Petition to Quash IRS Summons (ECF No. 4) be **GRANTED**;

2. Petitioner Cybil Fisher's Motion to Stay Proceedings Pending Transfer or Consolidation by the Judicial Panel on Multidistrict Litigation (ECF No. 16) be **DENIED**; and

3. **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: October 8, 2013      s/ *Jeanne J. Graham*
                            JEANNE J. GRAHAM
                            United States Magistrate Judge

### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **October 28, 2013**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.